IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-071 |
| | * | |
| ALPHONZO LORENZO BURLEY | * | |

ORDER

Defendant Alphonzo Lorenzo Burley has filed an "Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)." The Government opposes the motion. Upon due consideration, the Court denies Burley's request for relief.

As an initial matter, Burley refers to the CARES Act[1] several times within his motion. To be clear, the statutory authority upon which the Bureau of Prisons ("BOP") is relying to implement the directives of the CARES Act is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A

---

[1] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the CARES Act provides no avenue of relief through the court system.

On the other hand, the compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Burley admits that he has not exhausted his administrative remedies as required prior to seeking relief in the district court. For this reason, the Court must deny Burley's request.

Moreover, in consideration of Burley's request for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable

policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Burley may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief.[2] Burley bears the burden of demonstrating that

---

[2] Burley insists that this Court now has authority to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. The Court disagrees. The First Step Act

3

compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Burley presents no medical evidence that he meets either of these criteria. Indeed, his argument seems to be that he will likely

---

did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

meet the criteria *if* he contracts COVID-19. In this regard, Burley claims to suffer from diabetes, high blood pressure, and polycystic kidney disease. Yet, Burley provides no medical evidence to support his alleged serious medical conditions or the impact that COVID-19 would have upon him individually. His generalized concern about the pandemic is too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Burley's individual circumstances as they relate to the COVID-19 pandemic, the Court would deny Burley's request for compassionate release on the merits as well.

Upon the foregoing, Defendant Alphonzo Lorenzo Burley's motion for compassionate release (doc. 61) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5