**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

```
UNITED STATES OF AMERICA        *
                                *
        v.                      *      CR 118-071
                                *
ALPHONZO LORENZO BURLEY         *
```

## O R D E R

On July 9, 2020, the Court denied Defendant Alphonzo Lorenzo Burley's motion to reduce sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). At present, Burley moves the Court to reconsider this Order.

Defendant complains, _inter alia_, that the Court should not have denied his motion for failure to exhaust administrative remedies. Rather, he believes the Court should waive the requirement. However, neither the statute nor case law creates any special exception to the mandatory language that the Bureau of Prisons essentially must be given at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances.

See United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical - importance" in connection with the COVID-19 pandemic"). For this reason, Defendant's motion for compassionate release was appropriately denied, and his motion for reconsideration (doc. 65) is likewise **DENIED**. The Court need not address Defendant's other arguments.

**ORDER ENTERED** at Augusta, Georgia, this _13th_ day of August, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA