IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-071 |
| | * | |
| ALPHONSO LORENZO BURLEY | * | |

O R D E R

Defendant Alphonso Lorenzo Burley has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Burley's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other

person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, Burley, who is only 39 years old, claims to have a qualifying medical condition based upon his medical conditions: high blood pressure/hypertension, diabetes and "polycystic kidney disease." (Def.'s Mot., Doc. 75, at 1.) That is, Burley contends that his medical conditions, in conjunction with the potential adverse effects to him should he contract COVID-19, qualify as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release. The Centers for Disease Control ("CDC") reports the following conditions "are at increased risk of severe illness from COVID-19": cancer; chronic kidney disease; COPD; Down Syndrome; compromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery

2

disease, or cardiomyopathies; pregnancy; sickle cell disease; smoking; and type 2 diabetes mellitus.  See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 11, 2021).  In this case, the Government concedes that Burley's diabetes is a medical condition that, in conjunction with the potential adverse effects to him should he contract COVID-19, qualify as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release.  (See Gov't Resp. in Opp'n, Doc. 78, at 13.)  With respect to Burley's claim of "polycystic kidney disease," the medical records note "disorder of kidney and ureter, unspecified"; whether this condition equates to "chronic kidney disease" is unknown to the Court.  Further, Burley's hypertension is listed as a condition that "might" place a person at increased risk of severe illness from COVID-19.  See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, supra.

For purposes of his motion, the Court will assume that Burley's health conditions, in the aggregate, qualify him as eligible for compassionate release.  Nevertheless, the Court retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).  Upon careful consideration thereof, the Court

3

particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Moreover, Burley was sentenced to serve 120 months on September 4, 2019, and has not served even a quarter of his sentence – a sentence that was greatly aided by a plea agreement in which two firearm related charges were dismissed.  With good time credit, Burley still has six years remaining on his sentence.  Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Alphonso Lorenzo Burley's motion for compassionate release (doc. 75) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA